UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVON GANIER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-735-JD-MGG |
| FISHER and BEANE, | |
| Defendants. | |

OPINION AND ORDER

Davon Ganier, a prisoner without a lawyer, filed a complaint alleging he was attacked by a fellow inmate at the Miami Correctional facility on April 13, 2020. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint alleges an unknown inmate told Officer Cook he would attack Ganier if Ganier was placed in his cell. Officer Cook told Sgt. Terry Beane who told Lt. M. Fisher. At the direction of Sgt. Beane and Lt. Fisher, Ganier was placed in the cell with the unknown inmate and was immediately attacked. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from

violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). And, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010), *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Here, based on the facts alleged, the complaint states a plausible claim that Sgt. Terry Beane and Lt. M. Fisher had actual knowledge of the impending harm and could have easily prevented Ganier from being attacked by placing him in a different cell.

Ganier also names Warden William Hyatte and Officer Martin, but he does not explain how either were involved in the decision to place him in that cell on April 13, 2020. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore Warden Hyatte and Officer Martin will be dismissed.

For these reasons, the court:

(1) GRANTS Davon Ganier leave to proceed against Sgt. Terry Beane and Lt. M. Fisher in their individual capacities for compensatory and punitive damages for failing to protect him from attack by placing him in a cell on April 13, 2020, with an inmate who had threatened to attack him in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte and Martin;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Terry Beane and Lt. M. Fisher at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Terry Beane and Lt. M. Fisher to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 26, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT