UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVON GANIER,

    Plaintiff,

    v.                                    CAUSE NO. 3:20-CV-735-JD-MGG

FISHER and BEANE,

    Defendants.

## OPINION AND ORDER

Davon Ganier, a prisoner without a lawyer, is proceeding in this case "against Sgt. Terry Beane and Lt. M. Fisher in their individual capacities for compensatory and punitive damages for failing to protect him from attack by placing him in a cell on April 13, 2020, with an inmate who had threatened to attack him in violation of the Eighth Amendment[.]" ECF 8 at 3. On September 13, 2021, the defendants filed a summary judgment motion arguing Ganier did not exhaust his administrative remedies before filing suit. ECF 15. With the motion, the defendants provided Ganier the notice required by N.D. Ind. L.R. 56-1(f). ECF 17. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

This deadline passed over four months ago, but Ganier has not responded. Therefore the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The defendants provide evidence showing the following:[1] On May 25, 2020, Ganier filed a grievance regarding the April 13, 2020, incident. ECF 15-1 at 6; ECF 15-4. The grievance office rejected this grievance as untimely because Ganier filed it more than ten business days after the incident. ECF 15-1 at 6; ECF 15-5. Ganier's grievance

---

[1] Because Ganier has not responded to the defendants' summary judgment motion, the court accepts this evidence as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

2

history indicates he did not properly submit any grievance regarding the conduct alleged in his complaint. ECF 15-1 at 6; ECF 15-3.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the defendants have provided undisputed evidence Ganier did not exhaust his administrative remedies prior to filing this lawsuit, as it is undisputed Ganier submitted only one grievance regarding the conduct alleged in his complaint and the grievance office properly rejected this grievance as untimely. The defendants have therefore met their burden to show failure to exhaust. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 15); and

3

4

  (2) DIRECTS the clerk to enter judgment in favor of the defendants and against Davon Ganier.

  SO ORDERED on March 7, 2022

              /s/JON E. DEGUILIO
              CHIEF JUDGE
              UNITED STATES DISTRICT COURT